UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEITH SERIALES, | No. 1:18-cv-01064-DAD-JLT (HC) |
|---|---|
| Petitioner, | **FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AND TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| JOE LIZARRAGA, Warden, | |
| Respondent. | **[TWENTY-ONE DAY OBJECTION DEADLINE]** |

On August 9, 2018, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is currently a state prisoner residing in Mule Creek State Prison serving four life sentences for, inter alia, murder, rape, kidnap, and torture of a juvenile. (Doc. 1 at 1; Doc. 14-2 at 27.) He challenges a decision by the Federal Bureau of Prisons ("BOP") denying him retroactive state prison designation for service of his federal sentence. The Court will recommend that Respondent's motion to dismiss for lack of jurisdiction and failure to exhaust be **DENIED** and the petition be **DENIED** with prejudice on the merits.

## DISCUSSION

**I.     Motion to Dismiss**

On December 13, 2018, Respondent filed a motion to dismiss the petition. Respondent contends that the petition should be dismissed for lack of standing and ripeness, lack of subject matter jurisdiction, failure to state a claim, and failure to exhaust administrative remedies.

1

Respondent further contends that the petition fails on the merits. Petitioner opposes the motion arguing that the Court ordered Respondent to file an answer, and that the motion must be dismissed as unauthorized. Petitioner further argues the merits of his petition.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

As will be discussed below, the Court finds that the petition should not be dismissed on the grounds asserted by Respondent. Nevertheless, the Court agrees with Respondent that the petition is meritless and will therefore recommend the petition be DENIED with prejudice.

**II.    Background**

In June 2000, Petitioner was arrested and charged in federal court with conspiracy to manufacture and distribute methamphetamine and possession of methamphetamine with intent to distribute. United States v. Seriales, Case No. 1:00-cr-05233-AWI (E.D. Cal. 2000). On June 27, 2000, he was released from federal custody to pretrial supervision. (Doc. 14-2 at 11.) On January 27, 2001, while still under the federal pretrial release order, Petitioner was arrested by the Tulare County Sheriffs' Office and taken into custody in the Tulare County Jail on charges of "murder with special allegations of lying in wait, murder with torture, murder during commission of another felony, and three special firearm enhancements; false imprisonment by violence, with three special firearm enhancements; torture, with three special firearm enhancements; kidnaping, with three special firearms enhancements; kidnaping to commit another crime, with three special firearm enhancements; anal or genital penetration by foreign object with force and violence, with three special firearm enhancements and three special allegations for use of torture, kidnap, tying and binding; rape by foreign object acting in concert, with three special firearm enhancements, and three special allegations for torture, kidnap, tying and binding; and, anal and genital

2

penetration by foreign object to person under age 18, with three special firearm enhancements." (Doc. 14-2 at 15.)

On November 1, 2001, while Petitioner was in state custody at the Tulare County Jail, the federal court issued a writ of habeas corpus ad prosequendum. (Doc. 14-2 at 18.) Petitioner was loaned to federal authorities for arraignment, change of plea, and sentencing. (Doc. 14-2 at 18.) On September 7, 2004, District Judge Ishii sentenced Petitioner to, inter alia, 120 months in federal custody. (Doc. 14-2 at 21.) The judgment did not specify whether the term would be concurrent or consecutive to any other prison term. (Doc. 14-2 at 20-26.) At the conclusion of federal proceedings, Petitioner was returned to state authorities pursuant to the writ.

The Tulare County Superior Court conducted sentencing hearings on August 2, 2005, August 20, 2005, and August 30, 2005, on Petitioner's various state charges. (Doc. 14-2 at 27-33.) The superior court sentenced Petitioner to: 1) Life without the possibility of parole on Count 1 for First Degree Murder; 2) Life on Count 2 for Torture; 3) 25 years-to-life on Count 4 for Anal or Genital Penetration with a Foreign Object; and 4) 25 years-to-life on Count 5 for Rape by a Foreign Object. (Doc. 14-2 at 27.) Following sentencing, Petitioner was handed over to state authorities to commence service of his state sentences.

On December 6, 2017, Petitioner submitted a letter to the Bureau of Prisons requesting that his 120-month federal sentence be run concurrent to his state sentences. (Doc. 14-2 at 35.) On April 19, 2018, the BOP advised Petitioner that it had opened a review to determine whether he should be granted a *nunc pro tunc* designation of his state and federal sentences pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990.) (Doc. 14-2 at 42.) As part of its review, the BOP contacted Judge Ishii for input on whether the federal sentence should be run concurrent or consecutive to the state sentences. (Doc. 14-2 at 44-45.) On May 23, 2018, Judge Ishii advised the BOP of his position that Petitioner's request to serve his federal sentence concurrently with his state sentences should be denied. (Doc. 14-2 at 47.) On June 1, 2018, the BOP concluded its review and denied Petitioner's request for a *nunc pro tunc* designation. (Doc. 14-2 at 50.) At present, Petitioner is serving his state sentences, and the United States Marshal has filed a detainer with Petitioner's custodian for his 120-month federal sentence.

## III. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Petitioner is currently in state custody serving a state sentence but challenges the execution of a federal sentence to be served consecutive to his state sentence. Respondent argues that the Court should dismiss the petition for lack of Article III standing and ripeness, and statutorily for lack of jurisdiction under § 2241. The Court finds otherwise.

First, with respect to subject matter jurisdiction, a habeas petition filed pursuant to 28 U.S.C. § 2241 is the proper method to challenge the execution of a federal sentence. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Since Petitioner challenges the execution of his federal sentence, the Court has subject matter jurisdiction to entertain his claims.

Second, Petitioner has standing to challenge the execution of his federal sentence. In every federal case, the party bringing the suit must establish standing to prosecute the action. Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11 (2004). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular

issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). "To satisfy the 'case' or 'controversy' requirement of Article III, which is the 'irreducible constitutional minimum' of standing, a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." Bennett v. Spear, 520 U.S. 154, 162 (1997) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' 'not conjectural or hypothetical.'" Lujan, 504 U.S. at 560.

Respondent argues that Petitioner's injury is speculative because Petitioner is serving four life sentences in state prison and likely will never serve his federal sentence. Respondent contends that he is therefore asking for opinion relief. The Court disagrees. Respondent is correct that in all likelihood the federal government will not obtain justice via enforcement of the judgment in the federal case *if the federal sentence is to be served consecutively*; however, that is not the case if the sentence is served concurrently. If concurrent, Petitioner would serve out his federal sentence and the judgment would be satisfied at the same time he is serving his state sentences.

Respondent also contends that Petitioner is not "in custody" to challenge his federal conviction, since Petitioner has never been, and is not now, in federal custody. Respondent acknowledges that the federal government has placed a federal detainer with Petitioner's state custodian but contends that the detainer does not confer standing or ripeness. The Court disagrees.

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Supreme Court has interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. Maleng v. Cook, 490 U.S. 488, 490–91 (1989).

With respect to consecutive sentences, the Supreme Court has held that a prisoner is 'in custody' under any one of them for purposes of Section 2241(c)(3). Peyton v. Rowe, 391 U.S. 54,

5

67 (1968). In Peyton, the Court held that "a state prisoner could challenge the constitutional validity of a sentence which he had not yet begun to serve when he was currently incarcerated pursuant to a valid conviction and sentence, but the sentence he sought to attack was to run consecutively to the valid sentence." Id. In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 505-06 (1973), the Supreme Court held that a prisoner serving a sentence in Alabama, who was subject to a detainer filed with his Alabama jailers by Kentucky officials, was "in custody" for the purpose of a habeas attack on the outstanding Kentucky charge upon which the detainer rested. In Maleng, 490 U.S. at 493, the petitioner was serving a federal sentence, rather than another sentence imposed by a state. The Supreme Court did not find that this factual difference required a different result from Peyton or Braden. Id. In Maleng, "[t]he State of Washington ha[d] placed a detainer with the federal authorities to ensure that at the conclusion of respondent's federal sentence, he would be returned to the state authorities to begin serving his 1978 state sentences." Id. The Court concluded that Braden and Peyton together required the conclusion that the petitioner was "in custody" under his state sentences at the time he filed, even though he was serving a federal sentence at the time. Id.

This case is very much like Maleng. Whereas in Maleng a state had placed a detainer with federal authorities, here the federal government has placed a detainer with state authorities. The Court finds no factual difference requiring a different result. In following Peyton, Braden, and Maleng, the Court concludes that Petitioner is "in custody" to challenge his federal sentence even though he is presently in the physical custody of the State of California.

The Court also rejects the argument that the matter is not ripe for review. As previously stated, it is true Petitioner may not ever begin to serve his federal sentence if it is to be served consecutive to his state sentence; however, if the Court were to conclude that the federal sentence is to be served concurrently, then Petitioner would now be serving and completing his federal sentence. This would not be an abstract or speculative outcome.

**IV.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677.

6

Petitioner is in the custody of the California Department of Corrections and Rehabilitation at Mule Creek State Prison in Ione, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**V.    Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252 (9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

Petitioner submitted a letter to the Bureau of Prisons requesting his federal sentence be run concurrent to his state sentences. The BOP conducted a review of his request for a *nunc pro tunc* designation of his federal sentence. Following its review, the BOP notified Petitioner that a *nunc pro tunc* designation was not appropriate and denied his request. It is unclear whether Petitioner fully exhausted his administrative remedies, but it is clear he at least partially exhausted them. Nevertheless, exhaustion may be excused. In this case, it would be futile for Petitioner to submit a further appeal. The appeal would surely be denied since it is clear there is no merit to Petitioner's claims. Thus, the Court will address Petitioner's claims.

**VI.    Commencement of Federal Sentence**

The authority to compute a federal prisoner's sentence is delegated to the Attorney General who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35

(1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); 18 U.S.C. § 3621(a).

18 U.S.C. § 3585 provides:

(a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Petitioner has not been taken into federal custody. Therefore, his federal sentence has not yet commenced.

Pursuant to 18 U.S.C. § 3621(b) and Program Statement 5160.05, the BOP has the authority to run a federal sentence concurrent with a state sentence or designate a state facility for service of the federal sentence if it is consistent with the intent of the federal sentencing court. A *nunc pro tunc* designation is a mechanism whereby the BOP may commence a sentence as early as the date of imposition, even though the prisoner was not in federal custody. The Ninth Circuit has stated that "[s]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." Taylor v. Sawyer, 284 F.3d 1143, 1149 (9th Cir. 2002); see also McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998) (BOP is given broad discretion to grant or deny a request for *nunc pro tunc* relief after the request is given "full and fair consideration"); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (decision to grant *nunc pro tunc* relief is within the discretion of the BOP). The BOP's discretion, however, is constrained by 18 U.S.C. § 3584(a), which requires that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." In determining whether to run a sentence concurrent or make a *nunc pro tunc* designation, the BOP considers several factors including: (1) whether the federal court ordered the sentence to run concurrently to a state sentence; (2) whether the federal court recommended non-federal confinement; (3) whether the federal court ordered concurrent service after imposition of the sentence; (4) upon an inmate's request; and (5) whether the state court requested the sentences be run concurrently. (Resp't's Answer, Ex. 1, Carr Decl., at ¶ 7, Attachs. I, J.)

As Respondent points out, the text of the judgment does not reflect that the 120-month sentence was to be concurrent to any other sentence. (Doc. 14-2 at 20.) Further, when Petitioner moved to have his federal sentence run concurrent to whatever sentence he received in state court, United States District Judge Anthony W. Ishii stated, "I won't order it." (Doc. 16 at 27.) Where the sentencing court has not ordered the sentences run concurrently, 18 U.S.C. § 3584(a) requires that the BOP run the sentences consecutively. Judge Ishii stated that under certain circumstances, he would recommend he serve the federal sentence concurrently; however, when the Bureau of Prisons contacted Judge Ishii for his recommendation during consideration of Petitioner's request, on May 23, 2018, Judge Ishii recommended the sentences be run consecutively. (Doc. 14-2 at 47.)

These facts demonstrate the federal sentence was properly determined to run consecutively to the state sentence, and Petitioner fails to show that the BOP abused its discretion in denying his request for a *nunc pro tunc* designation.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that Respondent's motion to dismiss be **DENIED** and the petition for writ of habeas corpus be **DENIED WITH PREJUDICE**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///
///
///
///

The parties are advised that failure to file objections within the specified time may waive

9

the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **January 15, 2019**                  **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE